IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUANGO CORREA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-1133-LPS |
| | : | |
| STATE OF DELAWARE NEW CASTLE et al., | : | |
| | : | |
| Defendants. | : | |

Guango Correa, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 8, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff Guango Correa ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is housed at the Howard R. Young Correctional Institution in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

II. **BACKGROUND**

While not clear, Plaintiff appears to allege that a State court judge assigned aliases to Plaintiff that did not belong to him and that the Delaware State Police inputted incorrect information into the computer system charging Plaintiff with the wrong information. Plaintiff refers to criminal impersonation, mandatory expungement, bail reduction, and unlawful imprisonment. Plaintiff seeks $100,000,000 for pain and suffering. Named as Defendants are the State of Delaware New Castle, the State of Delaware Kent County, and the State of Delaware Superior Court and Court of Commons Pleas. (D.I. 2)

III. **LEGAL STANDARDS**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

IV. **DISCUSSION**

    A. **Habeas Corpus**

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence

3

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of a conviction or duration of a sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Plaintiff seeks damages for his current incarceration, his claim is frivolous and will be dismissed.

B. **Eleventh Amendment Immunity**

Plaintiff's claims against the State of Delaware New Castle, the State of Delaware Kent County, and the State of Delaware Superior Court and Court of Commons Pleas are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.,* 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89

(1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007) (not published). In addition, dismissal is proper because the foregoing Defendants are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. Aug. 1, 2008) (not published).

Therefore, the Court will dismiss the claims against Defendants as they are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V.     **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile.

An appropriate Order follows.